**CONTINENTAL BAKING CORPORATION v. HELVERING.**

No. 6336.

United States Court of Appeals for the District of Columbia.

Argued Feb. 12, 1935.

Decided March 18, 1935.

Raymond F. Garrity, of Washington, D. C., for petitioner.

Robert H. Jackson, E. L. Corbin, Frank J. Wideman, Sewall Key, and A. F. Prescott, all of Washington, D. C., for respondent.

VAN ORSDEL, Associate Justice.

This appeal is from a decision of the Board of Tax Appeals involving income taxes for the calendar year 1929, amounting to $5,393.08.

It appears that the taxpayer, Continental Baking Corporation, filed its capital stock tax return in July, 1925, with the collector of internal revenue at Chicago, Ill., which covered the taxable period ending June 30, 1926. In this return the taxpayer claimed an exemption from capital stock tax on the ground that it was not engaged in business or doing business within the meaning of the statute.

On July 12, 1928, petitioner received from the Commissioner its first communication relating to its capital stock return for the year ending June 30, 1926. On December 26, 1928, the capital stock tax was assessed against petitioner company. On demand made by the collector of internal revenue, petitioner, on January 25, 1929, filed a claim for abatement; and on May 20th, following, the Commissioner advised petitioner of its liability for capital stock tax for the year ending June 30, 1926, but allowed the abatement claim in the amount of $11,737.00. The balance was disallowed, and was paid by the Bakeries' Service Corporation, a subsidiary of petitioner corporation, on June 11, 1929. In 1929, when the tax amounting to $49,028 was paid, petitioner charged this amount on its books as an expense for that year, and deducted this item on its return for that year.

The Commissioner disallowed the deduction for the year 1929, and the Board of Tax Appeals upheld his finding.

We think this case is controlled by the recent decision of this court in Russell-Miller Milling Co. v. Helvering, 63 App. D. C. 74, 69 F.(2d) 392, 393. In that case the British government demanded income taxes from the taxpayer for the fiscal years between 1925 and 1928. Liability was denied on the ground that the taxpayer was not trading in Great Britain, and that if it were no profit had been earned on sales there. In October, 1928, however, the taxpayer compromised with the British government for a lesser amount than that claimed upon condition that the taxpayer would admit liability and pay. During the years in question no accrual had been entered on the books of the taxpayer of any amount for such taxes, but in its return for 1928 and 1929 it claimed credit for the sum paid the British government.

The court construing the statute said: "Section 43 of that act [Revenue Act 1928] (45 Stat. 805, 26 USCA § 2043) provides that such credits shall be taken for the taxable year in which 'paid or accrued,' or 'paid or incurred,' according to the method of accounting used in computing the taxpayer's net income. Section 48 (c) of that act (45 Stat. 807, 26 USCA § 2048 (c) provides that the terms 'paid or accrued' or 'paid or incurred' shall be construed according to the method of accounting used in computing the taxpayer's net income."

In the instant case petitioner was operating on the accrual basis, but it had accrued no reserve to cover the contingency that arose in 1929 when its liability was determined by the Commissioner. We are here considering a tax on the capital stock of petitioner company. The amount and basis of the tax was fixed and easily ascertainable in the years 1925 and 1926. No element of contingency was involved. The conditions and the facts were all peculiarly within the knowledge of the petitioner. As was said in United States v. Anderson, 269 U. S. 422, 441, 46 S. Ct. 131, 134, 70 L. Ed. 347: "In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax, all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it."

True, petitioner in its tax return of 1925 denied liability on the ground that it was not engaged in business or doing business during that year. This, however, left open only the question of accounting the amount of tax due in the event it was found that a tax should be imposed; and as said in the Russell-Miller Case, "The subsequent admission of liability and payment are consistent with the view that the amended tax assessment was correct, and of course in that view petitioner's action reinstated the validity of the tax as of the time it was first pressed. Certainly, as we think, it better than any one else knew the fact as well as the extent of its liability, and equally certainly it should not be heard later to say that the debt had not accrued because without more it elected to contest it. * * * It was contested at first, as not due in any amount, but in a later year liability for a smaller sum was admitted, and it was settled on that basis. In these circumstances the amount paid accrued in the year the profits on which payment was based were made and not in the year of payment."

We think, therefore, that in cases of this character the status of the corporation during the taxable period which established the liability for the tax should control, and not the claim for exemption nor the determination of the Commissioner. The finding of the Commissioner was based upon facts existing in 1925 which brought the case within the provisions of the act and regulations. It was then that the capital stock tax accrued, and the liability for the tax was dependent upon the question of fact as to whether the corporation was engaged in business during the taxable period. These conditions were all present and complete in 1925, and could have been determined by the Commissioner as readily at that time as in 1929. Nothing occurred during the intervening period affecting the determination. All the facts existed which fixed the liability and determined the amount of tax in 1925 when the tax must be held to have accrued. Merely because the date of determination and payment was deferred until 1929, does not make the tax found to be due at that time a deductible item from petitioner's return for that year.

The decision of the Board of Tax Appeals is affirmed.

HITZ, J., took no part in the consideration and decision of this case.